HUDSON *versus* THE BANK OF ALBAMA.

QUESTION IN THIS CAUSE.

*Relative to the liability of the indorser of a bill of exchange.*

1. Where, from the date of a bill of exchange and the evidence offered, it appeared to have been' protested twelve months after its maturity—held, that the indorser was discharged.

In error from Tuskaloosa County Court.

This was a suit by notice, under the statute, instituted by the President and Directors of the Bank, against Hudson, as indorsor of a bill of exchange.— The bill was dated the first of January, 1832, and payable at one hundred and twenty days. It was purchased by the bank, on the 2nd January, 1833, and was protested, for non-payment, on the 4th May, 1833.

The defendant having demurred to the evidence, a judgment thereon was rendered against him; and he took a writ of error, to this Court.

*Stewart* and *Thornton,* for the plaintiff in error— *Ellis,* for the defandant.

HOPKINS, J.—We shall express an opinion on one only, of the several questions, which were argued in this case. The judgment under review was rendered in favor of the bank, against the plaintiff in error, as an indorser of a bill of exchange, that bears date the first day of January, 1832, and was payable one hundred and twenty days after date.

The President and Directors of the Bank, averred, in the notice, which they filed, that the bill was drawn on the first of January, 1833, and dated, by mistake, the 1st January, 1832. The bill was purchased by the bank, on the 2nd January, 1833, and protested, for non payment, the 4th May, in the same year.

The judgment was rendered upon a demurrer of the plaintiff in error, to the evidence, which was given in support of the demand of the bank.

The evidence shows clearly, we think, that the bill was not protested, until twelve months after its maturity, and that the indorser was discharged from his liability, by the neglect of some prior holder, long before the bank purchased the bill. The testimony, as to the time at which the bank acquired the bill, may show, that the purchase of it was injudicious, but it does not tend to prove, that there was a mistake in the date of it. As to the effect of proof, had it been offered, of the mistake, we determine nothing.

The judgment should have been for the plaintiff in error. Let the judgment be reversed.